Bryan H. Heckenlively (State Bar No. 279140)
Bryan.Heckenlively@mto.com
Aditi N. Ghatlia (State Bar No. 347260)
Aditi.Ghatlia@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:   (415) 512-4000
Facsimile:    (415) 512-4077

Carl Jiang (State Bar No. 355258)
Carl.Jiang@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ELI SCHECHTER and TALYA MALKA, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>CHAPMAN UNIVERSITY, THE BOARD OF TRUSTEES OF CHAPMAN UNIVERSITY, and DOES 1-50,<br><br>Defendants. | Case No. 8:25-cv-2426-MRA-DFM<br><br>**AMENDED [DISCOVERY MATTER] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION** |

Case No. 8:25-cv-2426-MRA-DFM

AMENDED [DISCOVERY MATTER] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION

Pursuant to the agreement reached between Plaintiffs and Defendant herein, this Court adopts and orders the following Protocol relating to the Production of Documents and Electronically Stored Information in these Proceedings. "Plaintiffs" shall mean each Eli Schechter and Talya Malka. "Defendant" shall mean Chapman University. Plaintiffs and Defendant are collectively referred to as the "Parties." The failure of this Protocol to address any issue is without prejudice to any position that a Party may take on that issue. Nothing in this order is intended to alter or affect any party's rights or obligations under any order by the assigned District Judge or Magistrate Judge, but shall be construed instead, wherever possible, as consistent with any order by the assigned District Judge or Magistrate Judge.

## I.    COOPERATION

The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with Federal Rules of Civil Procedure and this Court's Local Rules. Should any party subsequently determine in good faith that it cannot proceed as required by this Order or that the Order requires modification, the Parties will meet and confer to resolve any dispute before seeking Court intervention. Further, the parties agree that a producing party is best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving, reviewing, and producing their own ESI.

## II.    SEARCH AND REVIEW

In responding to an initial Fed. R. Civ. P. 34 request, a Producing Party will adopt reasonable and proportionate methodologies to identify, search, collect, cull, review, and produce ESI as required under applicable legal standards. The Parties recognize and agree that each Party may use one or more methodologies to identify, search, collect, cull, review, and produce responsive and non-privileged ESI, including the use of search terms and/or the use of technology assisted review ("TAR"). The producing party shall retain the sole right and responsibility to manage and control search of its data files, including the right to make revisions to

-1-    Case No. 8:25-cv-2426-MRA-DFM
AMENDED [DISCOVERY MATTER] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY
STORED INFORMATION FOR STANDARD LITIGATION

the parameters of its document review, in order to make the review more accurate and cost-effective.

## III.    PRODUCTION

a)      The parties agree to produce documents in multi-page PDF file format.  The parties agree to produce natives of Microsoft Excel, Microsoft PowerPoint, and any other document types that would be too burdensome to image.  A PDF placeholder endorsed with the corresponding Bates number and confidentiality designation (if any) shall be produced for all ESI produced in Native Format.  Any Microsoft Excel and Microsoft PowerPoint file that requires redaction may be produced as a PDF file format.  The corresponding load file shall include native file link information for each native file that is produced.

b)      If particular documents warrant a different format, a Receiving Party may request that the Producing Party produce the native file corresponding to a static image, for good cause shown and subject to reasonable objection by the Producing Party.

c)      *Bates Numbering*.  Documents must be produced with Bates numbering.  The first portion of the Bates number shall contain a prefix which clearly identifies the producing party.  The second portion of the Bates number shall contain eight (8) numeric digits, padded with leading zeroes as needed to preserve its length.  Each Bates number will be unique across the entire document production; (ii) contain no special characters; and (iii) be sequential within a given document.  If a Bates number or set of Bates numbers is skipped in a production, the producing party will so note in a cover letter, production slipsheets, or production log accompanying the production.  Each production will be assigned a unique volume production number.

d)      *Parent-Child Relationship.*  The relationship between attachments, enclosures, embedded files, and/or exhibits to any parent document shall be preserved.  The child-document shall be consecutively produced immediately after

-2-    Case No. 8:25-cv-2426-MRA-DFM

AMENDED [DISCOVERY MATTER] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION

the parent-document.  Each document shall be produced with the production number for the first and last page of that document in the "Begin Bates" and "End Bates" fields of the data load file and with the "BeginFamily" and "EndFamily" fields listing the production number for the first and last page in the document family.

e)      *Encryption*.  To maximize the security of information in transit, any file transfers or media on which documents are produced shall be encrypted and password-protected.  In such cases, the Party shall transmit the encryption key or password to the receiving party under separate cover letter or e-mail communication.

f)      *De-duplication.*  Parties shall deduplicate documents using industry-standard hash algorithms.  Deduplication must be applied at a family level.  To the extent that duplicate documents (based on MD5, SHA-1, or SHA-256 hash values) reside within a Party's ESI data set, each party shall endeavor to produce only a single copy of a responsive Document or record.  Where any such documents have attachments, hash values must be identical for the document-plus-attachment ("family deduplication").  Loose electronic documents shall not be compared to email attachments for deduplication.  The parties shall deduplicate data "Globally" across custodians at a family level.  For any Custodian determined to have a duplicate document identified through the deduplication process, said custodian value shall be listed in the "ALL CUSTODIANS" metadata field for every document in the family.

g)      *Attachments*.  The Parties agree that if any part of an email or its attachments is responsive, the entire email and attachments will be produced, except any part of an email or its attachments that must be withheld or redacted on the basis of privilege.  If a document in a family is fully privileged, but is part of a family that includes at least one other document that is not fully privileged, then the fully privileged document(s) shall be replaced with a slipsheet and produced in a manner

AMENDED [DISCOVERY MATTER] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION

that maintains the family relationship.  The attachments will be produced sequentially after the parent email.  Documents referred to by hyperlink are not "attachments" for purposes of this order and a Producing Party is not required to produce hyperlinked files as part of a family group with the Document containing the hyperlink.  To the extent that emails or other documents produced in this matter include hyperlinks to cloud-based sources (e.g. Google Drive, OneDrive, or Dropbox), the producing party is not required to produce the hyperlinked files as part of the same document family as the document containing the hyperlink.  The parties will meet and confer regarding a reasonable process related to documents referred to by hyperlink.

g)      *Redacted documents*.  The Parties may redact information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, immunity, or applicable obligation, including, for example, protected personal information (e.g., credit card numbers, account passwords, SSNs) subject to non-disclosure obligations imposed by governmental authorities, law or regulation, including by not limited to FERPA and its implementing regulations; or as otherwise agreed to or allowed by any protective order entered in this litigation.  Any document that contains a redaction will be have an indication in the REDACTED metadata field.  For spreadsheets that are produced in native form, all redactions shall be made to the native form of the document, to the extent reasonably possible. If the native document (including its metadata) cannot be adequately redacted, the Parties will meet and confer regarding how such natives shall be produced.

## IV.    DOCUMENTS PROTECTED FROM PRODUCTION

a)      Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privileged or work-

AMENDED [DISCOVERY MATTER] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION

product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.  The provisions of Rule 502(b) do not apply.

b)       If information is produced in discovery that is subject to a claim of privilege (including but not limited to Attorney-Client Privilege) or of protection as trial-preparation material (Attorney Work Product), the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved.  This includes a restriction against presenting the information to the court for a determination of the claim.  If a party receives discovery they know or should know is subject to a claim of privilege (including but not limited to Attorney-Client Privilege) or of protection as trial-preparation material (Attorney Work Product), the receiving party has an affirmative duty to notify the producing party.  After notifying the producing party, the receiving party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved.  This includes a restriction against presenting the information to the court for a determination of the claim.

The parties will meet and confer regarding a process for handling inadvertent disclosure of student confidential information.

c)       Communications involving counsel of record in this action that post-date the filing of the original complaint in this action need not be placed on a privilege log.  For the avoidance of doubt, this Paragraph shall only apply to communications between counsel of record, on the one hand, and in-house practicing attorneys, on the other hand.

-5-                    Case No. 8:25-cv-2426-MRA-DFM

AMENDED [DISCOVERY MATTER] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY
STORED INFORMATION FOR STANDARD LITIGATION

d)      Per the parties' agreement in their Rule 26(f) report, Dkt. 41 at 11, Sec. IX(B), "communications between the parties and their outside counsel of record for this litigation do not need to be logged."

## V.      PRIVILEGE LOGS

Privilege logs shall be provided in Excel format within 90 days of substantial completion of the Producing Party's document production.

## VI.      MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the Parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: June 4, 2026      _/s/  Matt Mainen_
                                         Matt Mainen
                                         Counsel for Plaintiffs

Dated: June 4, 2026      _/s/ Bryan H. Heckenlively_
                                         Bryan H. Heckenlively
                                         Counsel for Defendants

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated:_June 10, 2026

Honorable Douglas F. McCormick
United States Magistrate Judge

-6-                                    Case No. 8:25-cv-2426-MRA-DFM

AMENDED [DISCOVERY MATTER] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION