Bryan H. Heckenlively (State Bar No. 279140)
Bryan.Heckenlively@mto.com
Aditi N. Ghatlia (State Bar No. 347260)
Aditi.Ghatlia@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Carl Jiang (State Bar No. 355258)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ELI SCHECHTER and TALYA MALKA, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>CHAPMAN UNIVERSITY, THE BOARD OF TRUSTEES OF CHAPMAN UNIVERSITY, and DOES 1-50,<br><br>Defendants. | Case No. 8:25-cv-2426-MRA-DFM<br><br>**THIRD JOINT STIPULATION REGARDING PRETRIAL DEADLINES**<br><br>*Filed concurrently with* PROPOSED ORDER *and* BRYAN H. HECKENLIVELY DECLARATION IN SUPPORT OF THIRD JOINT STIPULATION |

Plaintiffs Eli Schechter and Talya Malka ("Plaintiffs") and Defendant Chapman University ("Chapman") (collectively, the "Parties"), through their respective counsel of record, hereby stipulate as follows:

WHEREAS, on January 20, 2026, Plaintiffs filed their First Amended Complaint ("FAC") asserting individual and putative class claims (Dkt. No. 34);

WHEREAS, on February 2, 2026, Defendants filed a Motion to Dismiss the FAC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. No. 36, hereinafter the "MTD"), which was heard on April 21, 2026 and remains under submission (Dkt. No. 47);

WHEREAS, on March 26, 2026, the Court issued its Civil Trial Order and Schedule of Pretrial Dates, which set an October 6, 2026, deadline for completing non-expert discovery in addition to a series of additional pretrial dates (Dkt. No. 45-1);

WHEREAS, on May 28, 2026, the Parties filed a Joint Stipulation agreeing that, in light of the pending MTD, good cause existed to vacate the June 23, 2026, deadline to hear motions to amend pleadings and to vacate all deadlines related to class certification (Dkt. 52);

WHEREAS, on June 1, 2026, the Court issued an order vacating the June 23, 2026 deadline to hear motions to amend pleadings and all deadlines related to class certification (Dkt. 53);

WHEREAS, on September 9, 2026, the Parties filed a Second Joint Stipulation agreeing to continue all unexpired pretrial deadlines by 120 days in the interest of justice because important discovery remained outstanding (Dkt 59);

WHEREAS, on September 17, 2026, the Court issued an order continuing by 120 days all unexpired deadlines in the case scheduling order, which makes the non-expert discovery cutoff February 3, 2027 (Dkt 60);

WHEREAS, the Parties have been engaged in written discovery and producing documents and have worked to diligently advance the case, including by

producing all documents that the parties previously committed to producing in its written responses to Requests for Production and subsequent meet-and-confer correspondence;

WHEREAS, Chapman has produced over 17,500 pages of documents and files and Plaintiffs have produced over 2,596 pages of documents and files;

WHEREAS, the Court's ruling on the MTD may materially affect the scope of the case, including whether Plaintiffs may pursue class allegations and whether Plaintiffs have standing to pursue injunctive relief or litigate issues post-dating their graduation in 2024;

WHEREAS, the Court already recognized the impact its ruling on the MTD will have on the future scope of this litigation when it vacated all deadlines related to class certification and the deadline for motions to amend pleadings, pending the Court's ruling on the MTD (Dkt 53);

WHEREAS, it is not in the interest of justice to maintain the current case schedule because it would require the parties complete discovery now, including depositions, expert discovery, and follow-on written discovery, despite the fact that the scope of such discovery may be further clarified by the Court's ruling on the MTD;

WHEREAS, the parties may find it prudent to mutually agree to defer discrete portions of discovery, such as depositions, and discovery disputes that may arise until after the Court rules on the MTD;

WHEREAS, any mutually agreed upon deferral of discovery furthers the interests of judicial economy by eliminating the need for judicial intervention or clarification should such matters be fully clarified by this Court's ruling on the MTD;

WHEREAS, the parties intend to continue discovery, including document productions, while the MTD remains pending;

WHEREAS, good cause exists under Federal Rule of Civil Procedure 16(b)(4) to vacate all unexpired deadlines in the current scheduling order in light of the considerations above;

WHEREAS, this is the Parties' third request to modify the case schedule;

WHEREAS, the request is sought in good faith, is not requested for purposes of delay, and is intended to promote the interests of justice;

NOW THEREFORE, Plaintiffs and Chapman, through their counsel of record, stipulate to and request that the Court enter the attached Proposed Order vacating all unexpired deadlines in the current scheduling order, including deadlines related to fact discovery, discovery motions, and pretrial submissions, pending the Court's ruling on the MTD.

DATED: November 13, 2026 MUNGER, TOLLES & OLSON LLP

By: */s/ Byan H. Heckenlively*
BRYAN H. HECKENLIVELY
Attorneys for Defendants

DATED: November 13, 2026 NATIONAL JEWISH ADVOCACY CENTER, INC.

By: */s/ Matthew Mainen*
MATTHEW MAINEN
Attorneys for Plaintiffs

**Signature Attestation**

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

DATED: November 13, 2026 MUNGER, TOLLES & OLSON LLP

By: */s/ Byan H. Heckenlively*
BRYAN H. HECKENLIVELY
Attorneys for Defendants